United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50349
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY DALE NELSON, also known as Jerald Nelson,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-128-1
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jerry Dale Nelson appeals his guilty-plea conviction and

sentence for aiding and abetting the attempt to manufacture

methamphetamine and possession of a firearm in furtherance of a

drug-trafficking crime.  Nelson argues that the district court

erred by denying him a downward departure under U.S.S.G. § 5K2.13

based on diminished mental capacity.  He also contends that he

may have received ineffective assistance of counsel.

Although the Government seeks to enforce the waiver-of-

appeal provision in Nelson's plea agreement, given the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inadequacies in the transcription of portions of the rearraignment hearing, we do not enforce the waiver. Because the district court did not misapprehend its authority to depart from the Guidelines under § 5K2.13, we lack jurisdiction to review the court's denial of a downward departure. See <u>United States v. Sam</u>, 467 F.3d 857, 861 (5th Cir. 2006).

To the extent that Nelson raises the issue of ineffective assistance of counsel, the record has not been adequately developed to address this issue on direct appeal. See <u>United States v. Sanchez-Pena</u>, 336 F.3d 431, 445-46 (5th Cir. 2003).

AFFIRMED IN PART; DISMISSED IN PART.